O
JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ME LEE, et al.,

               Plaintiffs,

      v.

LNV CORPORATION, et al.,

               Defendants.

Case No. 2:11-cv-8204-ODW (SHx)

**ORDER GRANTING MOTIONS TO DISMISS [29], [32] AND DENYING ANTI-SLAPP MOTION [33]**

## I.   INTRODUCTION

Three motions are pending before this Court.  The first is a motion to dismiss under Fed. R. Civ. P. 12(b)(6) by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and EverHome Mortgage Corporation.  (Dkt. No. 29.)  The second is Defendant LNV Corporation's combined motion under Rules 12(b)(6), 12(e) and 12(f).  (Dkt. No. 32.)  The third is LNV's special motion to strike and request for attorney's fees under California's anti-SLAPP statute.  (Dkt. No. 33.)  Having considered the papers filed in support of and in opposition to the instant motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

Since January 30, 2005, Plaintiffs have owned a property known as 901, 901-1/2, 903, and 903-1/2 South Berendo Street, Los Angeles, California 90006.  (FAC ¶ 7.)  Plaintiffs allege that the following three transactions occurred.

First, on August 10, 2005, Plaintiff Me Lee transferred the property to Kyung H. Choi and the transaction was recorded on September 23, 2005.  (*Id.* ¶ 8.)  Plaintiffs claim that this transaction was fraudulent and that Choi was not a real person but a fictional straw man created for this sham transaction.  (*Id.*)

Second, on September 19, 2005, Choi obtained two loans secured by two Deeds of Trust that listed MERS as the beneficiary.  (*Id.* ¶ 9.)  This transaction was recorded on September 23, 2005.  (*Id.*)

Third, on September 11, 2008, MERS executed two Assignments of Deeds of Trust which granted, assigned and transferred all beneficial interest under the two Choi Deeds of Trust to LNV.  (*Id.* ¶ 19.)  According to Plaintiffs, the transaction was "robo-signed" by Angie Roberts, who claimed to be the Vice President of MERS.  (*Id.* ¶¶ 19, 43.)

In the meantime, on June 9, 2006, Plaintiffs filed a lawsuit in the Los Angeles Superior Court against Choi, seeking to invalidate the 2005 transaction between them.  (*Id.* ¶ 11.)  The case was removed to the federal court and later remanded back to the state court.  (*Id.* ¶ 13.)  On August 25, 2011, a default judgment was entered against Choi.  (*Id.* ¶ 14.)

Subsequently, Plaintiffs brought this new lawsuit against Defendants for fraud, abuse of process, violation of California's unfair competition law, and declaratory relief.  In response, Defendants brought these two motions to dismiss under Rule 12(b)(6).  LNV's motion alternatively seeks a more definite statement under Rule 12(e) and to strike portions of the FAC under Rule 12(f).  Additionally, LNV filed a special motion to strike and request for attorney's fees under California's anti-SLAPP statute.  The Court will discuss each motion in turn.

### III.   MOTIONS TO DISMISS

Defendants' motions to dismiss make similar arguments.  For this reason, the Court deems it appropriate to decide these two motions collectively and will address both motions in the order of Plaintiffs' causes of action.

## A.   Legal Standard

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

When considering a Rule 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## B.   Fraud

Pleadings of fraud are subject to a heightened standard, requiring that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Particularity" means that averments of fraud must be accompanied by

"the who, what, when, where, and how" of the misconduct charged.  *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103–06 (9th Cir. 2003).  Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Accordingly, when suing more than one defendant, a plaintiff cannot "merely lump multiple defendants together" but rather must differentiate the allegations and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Id.* at 764–65.

Besides the pleading requirements imposed by Rule 9(b), "a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action."  *Vess*, 317 F.3d at 1103.  In California, the elements for a claim of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  *UMG Recording, Inc. v. Bertelsmann AG*, 479 F.3d 1078, 1096 (9th Cir. 2007) (citing *Small v. Fritz Cos.*, 30 Cal. 4th 167, 173 (2003)).

In the instant case, Plaintiffs assert that Defendants committed two instances of fraud.  The Court addresses each instance separately.

### 1.     *Transferring the interest in the property without authority*

First, Plaintiffs allege that Defendants transferred the interest in the property without authority.  (FAC ¶¶ 40–42.)  According to Plaintiffs, the first transaction that transferred the property from Plaintiffs to the alleged "straw man" Choi was declared void by the previous default judgment.  (*Id.*)  Thus, the second and third transactions between Choi and Defendants should also be voided.  (*Id.*)

Here, Plaintiffs fail to allege what, if any, misrepresentation or omission was made by Defendants to Plaintiffs in the second and third transactions, especially considering Plaintiffs were not a party in those transactions.  (*Id.* ¶¶ 7–9, 19, 43.) Plaintiffs also fail to plead that Defendants had knowledge of falsity and intent to

defraud Plaintiffs. (*Id.*) Simple conclusions do not constitute a fraud claim. The Court finds that Plaintiffs fail to plead all the required elements for fraud.

Furthermore, Plaintiffs' FAC fails to meet Rule 9(b)'s heightened pleading standard. In *Pazargad*, this court dismissed the fraud claim for failing to meet the Rule 9(b) standard because plaintiff did not allege: (1) who made the misrepresentations; (2) when the misrepresentations or omissions were made or withheld; or (3) the contents and form of their statements. *Pazargad v. Wells Fargo Bank, N.A.*, No. CV-11-4524 ODW (PJWx), 2011 WL 3737234, at *5 (C.D. Cal. Aug. 23, 2011). Similarly, the court in *Tate* dismissed the fraud claim because the complaint was silent as to the identity of any specific individuals affiliated with defendant mortgage company, who plaintiff claimed was responsible for the alleged fraud. *Tate v. Indy Mac Bank FSB*, No. CV-10-02254 ODW (PLAx), 2010 WL 3489181, at *3 (C.D. Cal. Sept. 3, 2010).

As in those two cases, Plaintiffs here do not allege "the who, what, when, where, and how" concerning the fraud claim. The FAC is silent as to what misrepresentations any of the Defendants made to Plaintiffs, which individuals made misrepresentations, or how the misrepresentations were made. Therefore, the Court finds that Plaintiffs' fraud claim fails to meet the Rule 9(b)'s heightened standard.

### 2. *Roberts's robo-signing*

Second, Plaintiffs allege that Roberts "falsely claimed to be the Vice President of MERS" and robo-signed documents in the 2008 transaction between MERS and LNV. (FAC ¶ 43.) Plaintiffs conclude: "Defendants' acts, by committing a fraud on May 29, 2008 against plaintiffs by granting/assigning/transferring CHOI's DOT among Defendants by the robo-signer, Ms. Angie Roberts who falsely claimed to be the Vice President of MERS, created further damage." (*Id.*)

Plaintiffs argue that Roberts's claim as Vice President of MERS amounts to fraud. Assuming this is sufficient to plead fraud, Roberts is not named as a defendant in this case. Plaintiffs also do not impute Roberts's false statements to MERS.

Further, Plaintiffs' robo-signing allegation does not plead the required elements of fraud. Other than Roberts's alleged misrepresentation, Plaintiffs fail to plead that Defendants made any other misrepresentations. And, Plaintiffs do not to plead knowledge of falsity, intent to defraud, reliance or damages.

Moreover, courts have consistently dismissed robo-signing fraud allegations when they are pled in a conclusory fashion without any factual support because this fails to comply with Rule 9(b). *Bascos v. Federal Home Loan Mortg. Corp.*, No. CV-11-3968 JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. Jul. 22, 2011) ("Rule 9(b) and *Twombly* require plaintiffs to set forth more than bare allegations of 'robo-signing' without any other factual support."); *Cercedes v. U.S. Bankcorp*, No. CV 11–219 CAS (FMOx), 2011 WL 2711071, at *5 (C.D. Cal. Jul. 11, 2011) (dismissing the robo-signing allegations when plaintiff merely mentioned robo-signers on behalf of the defendant without providing other factual support). The robo-signing fraud allegation in this case similarly lacks factual support and cannot stand.

In conclusion, neither of Plaintiffs' two instances of fraud is adequately pled. Defendants' motion as to the first cause of action for fraud is **GRANTED**.

## C.  Abuse of process

To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the judicial process, and (2) committed a willful act in the use of that process not proper in the regular conduct of the proceedings." *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1037 (9th Cir. 2008) (quoting *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1168–69 (1986)).

In this case, Plaintiffs' FAC is devoid of any facts explaining the basis of their abuse of process claim—particularly what legal process Defendants allegedly abused. First, Plaintiff assert that Defendants wrongfully initiated a non-judicial foreclosure. (FAC ¶ 48.) But non-judicial foreclosures cannot form the basis of an abuse of process claim. *Minichino v. Wells Fargo Bank, N.A.*, No. C-11-01030 SI, 2011 WL

1    4715153, at *8 (N.D. Cal. Oct. 7, 2011); *Smith v. Wachovia*, No. C 09-01300 SI, 2009
2    WL 1948829, at *5 (N.D. Cal. Jul. 6, 2009).  Second, Plaintiffs allege that Defendants
3    have intentionally prolonged the litigation process.  (FAC ¶¶ 50–52.)  Yet, Plaintiffs
4    fail to set forth any facts showing what specific judicial process Defendants used or
5    misused, and how that prolonged the litigation process.  As in *Minichino*, this sort of
6    conclusory pleading cannot state a claim for abuse of process.  *Minichino*, 2011 WL
7    4715153, at *8.

8        Therefore, Defendants' motion as to the second cause of action for abuse of
9    process is **GRANTED**.

10   **D.    Unfair competition**

11       California's unfair competition law under Cal. Bus. & Prof. section 17200
12   ("UCL") encompasses "anything that can properly be called a business practice and
13   that at the same time is forbidden by law."  *Chabner v. United of Omaha Life Ins. Co.*,
14   225 F.3d 1042, 1048 (9th Cir. 2000).  An action under UCL borrows violations from
15   other laws and treats these violations, when committed pursuant to business activity,
16   as unlawful practices independently actionable under UCL.  *Id.*; *Farmers Ins. Exch. v.*
17   *Superior Court of Los Angeles*, 2 Cal. 4th 377, 383 (1992).

18       In this case, because the Court has dismissed Plaintiffs' other claims, there now
19   remains no predicate to support a UCL claim.  *Love v. The Mail on Sunday*, 473 F.
20   Supp. 2d 1052, 1059 (C.D. Cal. Feb. 8, 2007); *see Briosos v. Wells Fargo Bank*, 737
21   F. Supp. 2d 1018, 1020 (N.D. Cal. Aug. 25, 2010) (dismissing the UCL claim because
22   there is no predicate violation necessary to sustain a UCL claim); *see also Falcocchia*
23   *v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 873, 887 (E.D. Cal. May 27, 2010) (the UCL
24   claim survives when there is requisite predicate unlawful conduct).  Plaintiffs' catch-
25   all UCL claim must be dismissed when the other claims have been dismissed.

26       Accordingly, Defendants' motion as to the third cause of action under UCL is
27   **GRANTED**.

28   / / /

7

**E.      Declaratory Relief**

The Declaratory Judgment Act ("DJA") is merely a procedural statute and does not provide an independent theory for recovery.  *Team Enterprises, LLC v. Western Inv. Real Estate Trust*, 721 F. Supp. 2d 898, 911 (E.D. Cal. 2010) (citations omitted). Rather, the DJA merely offers the plaintiff an additional remedy where the plaintiff has stated an underlying claim for relief.  *Id*.  In this case, Plaintiffs have not adequately pled an underlying claim for relief.  Thus, the declaratory relief claim cannot stand alone, and is therefore subject to dismissal.  *See id*. ("The declaratory relief claim falls with the demise of the . . . other claims and the absence of a cognizable justiciable controversy.").

Therefore, Defendants' motion as to the fourth cause of action for declaratory relief is **GRANTED**.

**F.      Leave to amend**

Although leave to amend a dismissed complaint should be freely granted, the Court finds that any further amendment in this case will be futile, sought in bad faith, and prejudicial to the Defendants.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff has had two attempts, but cannot plead a legally sufficient cause of action. Nor is the Court convinced that any future amendments will be able to salvage these defective claims.  Accordingly, this case is **DISMISSED WITH PREJUDICE**.

## IV.   LNV'S ADITTIONAL RULE 12 MOTIONS

Because the Court has dismissed all of Plaintiffs' claims as set forth above, the Court **DENIES** LNV's Rule 12(e) and 12(f) motions as **MOOT**.

## V.   LNV'S ANTI-SLAPP MOTION

The Court now turns to LNV's special motion to strike and request for attorney's fees under California's anti-SLAPP statute.  (Dkt. No. 32.)

A "SLAPP" suit is one in which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant that are protected by the federal or state constitutions. *Vess*, 317 F.3d at 1109.  California's anti-SLAPP statute (Cal. Civ.

Proc. Code § 425.16) allows a defendant to move to strike a complaint if it arises from any act of the defendant in furtherance of his right of petition or free speech in connection with a public issue. *Id.*

Motions to strike under California's anti-SLAPP statute may be brought in federal courts. *Id.* A court considering such a motion must engage in a two-part inquiry. First, a defendant must make an initial prima facie showing that the plaintiff's suit arises from a protected act, i.e. an act in furtherance of the defendant's rights of petition or free speech. And second, once the defendant has overcome that threshold, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims. *Id.*

In this case, the Court must first decide whether LNV has made an initial prima facie showing that the Plaintiffs' FAC *arises from* LNV's *protected act*. LNV's only argument on this point is that Plaintiffs' FAC arises out of LNV's defense in the underlying litigations. (Mot. 13.) In deciding the "arise from" issue, "the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech." *OM Financial Life Ins. Co. v. Keel*, No. C 07-04723 MHP, 2008 WL 220084 at *4 (N.D. Cal. Jan. 25, 2008) (citing *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002).

Here, Plaintiffs' FAC does not allege any claim based on LNV's act of litigating. None of FAC's claims—fraud, abuse of process, unfair competition or declaratory relief—relates to LNV's litigation activities. As a result, even if "LNV's defense in the underlying litigations" is considered a protected act, Plaintiffs base no claims on LNV's underlying litigation. Therefore, Plaintiffs' FAC does not arise from a protected act.

Instead, the Court finds it more likely that Plaintiffs' FAC arises from LNV's other act—its attempt to foreclose Plaintiffs' Property. Even so, a non-judicial foreclosure, which is the case here, is not a "protected act" under the anti-SLAPP statute. *Garretson v. Post*, 156 Cal. App. 4th 1508, 1524 (2007) (the court

unequivocally held that initiating non-judicial foreclosure is a purely private business transaction, which does not fall into the "constitutionally protected speech or petitioning activity" that California's anti-SLAPP statute intends to protect).

In sum, the Court finds that Plaintiffs' lawsuit arises from LNV's non-judicial foreclosure, which is not a constitutionally protected act under the anti-SLAPP statute. Therefore, LNV has failed to make the requisite threshold showing.  Accordingly, the Court **DENIES** LNV's special motion to strike and request for attorney's fees.

## VI.   CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss under Rule 12(b)(6) are **GRANTED**.  LNV's Rule 12(e) and 12(f) motions are **DENIED AS MOOT**. LNV's anti-SLAPP motion is **DENIED**.   This case is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

April 10, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE